Conforms to Official Form 1 (1/08)

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF NEW YORK

# VOLUNTARY PETITION

| | |
|---|---|
| DEBTOR:.  Michael W. DeLong | JOINT DEBTOR: N/A |
| | (spouse) |
| ALL OTHER NAMES:  NA | N/A |
| LAST FOUR DIGITS OF SOC. SEC./TAX I.D.NO.: xxx-xx-0882 | N/A |
| STREET ADDRESS: 70 Bath St., Apt. 19, Ballston Spa, NY 12020 | N/A |
| COUNTY OF RESIDENCE:  Saratoga | N/A |
| MAILING ADDRESS:     Same | N/A |

Location of Principal Assets of Business Debtor (if different from address listed above)

---

**Type of Debtor** (Check one box)
[X] Individual
[ ] Corporation (includes LLC and LLP)
[ ] Partnership
[ ] Other

**Nature of Debt**
[X] Consumer/Non-Business [ ] Business

**Tax-Exempt Entity**
(check box, if applicable)
[ ] Debtor is a tax-exempt organization under Title 26
of the United States Code (the Internal Revenue Code)

**Chapter of Bankruptcy Code Under Which
the Petition is Filed**
[X] Chapter 7          [ ] Chapter 15 Petition recognition of foreign
[ ] Chapter 9                    Main Proceeding
[ ] Chapter 11        [ ] Chapter 15 Petition for recognition of
[ ] chapter 12                   foreign Nonmain proceeding
[ ] chapter 13

**Filing Fee**
[ ] Full Filing Fee attached.
[X] Filing Fee to be paid in installments.  Application per Rule 1006(b)
with official Form No. 3 attached.
[ ] Filing fee waiver requested.  Application and official Form 3B
attached.

---

**Nature of Business**
[ ] Health Care Business
[ ] Railroad
[ ] Stockbroker
[ ] Clearing Bank
[ ] Other

**Chapter 11 Debtors**
[ ] Debtor is a small business as defined in 11 U.S.C. § 101(51D)
[ ] Debtor is not a small business as defined in 11 U.S.C.§ 101 (51D)
--------------------------------------------------------------------------------
[ ] Debtor's aggregate noncontingent liquidated debts owed to
non-insiders or affiliates are less than $2,190.00.

---

## Statistical/Administrative Information (Estimates Only)

THIS SPACE FOR

COURT USE ONLY

[ ] Debtor estimates that funds will be available for distribution to unsecured creditors.
[X] Debtor estimates that, after any exempt property is excluded and administrative
expenses paid, there will be no funds available for distribution to unsecured creditors.

| Estimated Number of Creditors | 1-49 | 50-99 | 100-199 | 200-999 | 1,000-5,000 | 5,001-10,000 |
|---|---|---|---|---|---|---|
| | [X] | [ ] | [ ] | [ ] | [ ] | [ ] |
| 10,001-25,000 | 25,001-50,000 | 50,001-100,000 | Over 100,000 | | |
| [ ] | [ ] | [ ] | [ ] | | |

| Estimated Assets: | $0 to $50,000 | $50,001 to $100,000 | $100,001 to $500,000 | $500,001 to $1 million | $1,000,001 to $10 million | $10,000,0001 to $50 million |
|---|---|---|---|---|---|---|
| | [X] | [ ] | [ ] | [ ] | [ ] | [ ] |
| | $50,000,001 to $100 million | $100,000001 to $500,000 million | $500,000,001 to $1 billion | More than $1 billion | | |
| | [ ] | [ ] | [ ] | [ ] | | |

| Estimated Liabilities: | | | | | | | |
|---|---|---|---|---|---|---|---|
| $0 to $50,000 | $50,001 to $100,000 | $100,001 to $500,000 | $500,001 to $1 million | $ 1,000,001 to $10 million | $10,000.001 to $100 million | $100,000.001 to $500 million | $500,000.00 to $1 billion |
| [ X ] | [ ] | [ ] | [ ] | [ ] | [ ] | [ ] | [ ] |

**Conforms to Official Form 1 (1/08)**
**Voluntary Petition**

Name of Debtor(s):  Michael W. DeLong

---

**Prior Bankruptcy Case Filed Within Last 8 Years**

| Location | Case Number: | Date Filed: |
|---|---|---|
| Where Filed: | | |

---

**Pending Bankruptcy Case Filed by any Spouse, Partner, or Affiliate of this Debtor**

| Name of Debtor: | Case Number: | Date Filed: |
|---|---|---|
| District: | Relationship: | Judge: |

---

| **Exhibit A** | **Exhibit B** |
|---|---|
| (To be completed if debtor is required to file periodic reports (e.g., forms 10K and 10Q) with the Securities and Exchange Commission pursuant to Section 13 or 15 (d) of Securities Exchange Act of 1934 and is requesting Relief under chapter 11.) | I, the attorney for the petitioner named in the foregoing petition, declare that I have informed the petitioner that [he or she] may proceed under chapter 7, 11, 12, or 13 of title 11, United States Code, and have explained the relief available under each such chapter. I further certify that I delivered to the debtor the notice required by § 342 (b) of the Bankruptcy Code. |
| [ ] Exhibit A is attached and made a part of this petition. |   /s/David F. DeVall                                    7/8/09<br>Signature of Attorney for Debtor(s)            Date |

---

| **Exhibit C** | **EXHIBIT D** |
|---|---|
| Does the debtor own or have possession of any property that poses or is alleged to pose a threat of imminent and identifiable harm to public health or safety? | (To be completed by every individual debtor.  If a joint petition is filed, each spouse must complete and attach a separate Exhibit D)<br>[X] Exhibit D completed and signed by the debtors is attached and make part of this petition. |
| [ ] Yes, and Exhibit C is attached and made a part of this petition.<br>[X] No | If this is  joint petition<br>[ ] Exhibit D also completed and signed by joint debtor is attached and made a part of  this petition. |

---

## Information Regarding the Debtor -Venue

[X ]  Debtor has been domiciled or has had a residence, principal place or business, or principal assets in this District  for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other District.

[ ]  There is a bankruptcy case concerning debtor's affiliate, general partner, or partnership pending in this District.

[ ]  Debtor is a debtor in a foreign proceeding and has its principal place of business or principal assets in the United States in

this District, or has no principal place of business or assets in the United States but is a defendant in an action or proceeding [in a federal or state court] in this District, or the parties will be served in regard to the relief sought in this District.

## Certification by Debtor Who Resides as a Tenant of Residential Property

[ ]  Landlord has a judgment against the debtor for possession of debtor's residence.

_____
(Name of landlord that obtained judgment)

_____
(Address of landlord)

[ ]  Debtor claims that under applicable non-bankruptcy law,

there are circumstances under which the debtor would be permitted to cure the entire monetary default that gave rise to the judgment for possession, after the judgment for possession was entered and

[ ]  Debtor has included in this petition the deposit with th

court of any rent that would become due during the 30-day period after the filing of the petition.

**Conforms to Official Form 1 (1/08)**

| | |
|---|---|
| **Voluntary Petition** | Name of Debtor(s):  Michael W. DeLong |

### Signatures

**Signature(s) of Debtor(s) (Individual/Joint)**

I declare under penalty of perjury that the information provided in this petition is true and correct.[If petitioner is an individual whose debts are primarily consumer debts and has chosen to file under chapter 7] I am aware that I may proceed under chapter 7, 11, 12, or 13 of title 11, United States Code, understand that relief available under each such chapter, and choose to proceed under chapter 7. [If no attorney represents me and no bankruptcy petition preparer signs the petition] I have obtained and read the notice required by § 342 (b) of the Bankruptcy Code.

I request relief in accordance with the chapter of title 11, United States Code, specified in this petition.

/s/Michel W. DeLong
Signature of Debtor

/s/
Signature of Joint Debtor

 7/8/09
Date

**Signature of Attorney\***

/s/David F. DeVall
Signature of Attorney for Debtor(s)

David F. DeVall, Esq.
Printed Name of Attorney for Debtor(s)

DeVall & DeVall
Firm Name

59 Franklin Street
Address

Saratoga Springs, NY  12866

(518) 584-8521
Telephone Number

 7/8/09
Date

\* In a case in which § 707(b)(4)(D) applies, this signature also constitutes a certification that the attorney has no knowledge after an inquiry that the information in the schedules is correct.

**Conforms to Official Form 1 (1/08)**
**Voluntary Petition**                                    Name of Debtor(s):    Michael W. DeLong
_____

**Signature of Debtor (Corporation/Partnership)**
_____

I declare under penalty of perjury that the information provided in this petition is true and correct, and that I have been authorized to file this petition on behalf of the debtor.

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

_____
Signature of Authorized Individual

_____
Printed Name of Authorized Individual

_____
Title of Authorized Individual

_____
Date
_____
**Signature of a Foreign Representative**
I declare under penalty of perjury that the information provided in this petition is true and correct, that I am the foreign representative of  a debtor in a foreign proceeding, and that I am authorized to file this petition.

(check only one box)

[    ] I request relief in accordance with chapter 15 of title 11, United States Code.  Certified copies of the documents required by 11 U.S.C. § 1515 are attached.

[    ] Pursuant to 11 U.S.C. § 1511, I request in accordance with the chapter 11 specified in this petition.  A certified copy of the order granting recognition of foreign main proceeding is attached.

X_____
(Signature of Foreign Representative)

_____
(Printed Name of Foreign Representative)

_____
Date

Conforms to Official Form 6A  (12/07)

In Re:  Michael W. DeLong

## SCHEDULE A – REAL PROPERTY

| Description and location of property | Current market value of debtor's interest in the property without deducting any secured claim or exemption. |
|---|---|
| Nature of debtor's interest in property | Amount of secured claim |

NONE

Conforms to Schedule B (12/07)
In Re:  Michael W. DeLong

## SCHEDULE B – PERSONAL PROPERTY

| Description and location of property (All in debtor's possession unless otherwise indicated) | Current market value in debtor's interest in the property without deducting any secured claim or exemption |
|---|---|

| TYPE OF PROPERTY | DEBTOR'S INTEREST |
|---|---|
| 1.  Cash on hand: | $   50 |
| 2.  Checking, savings, or other financial accounts, certificates of deposit, or shares in banks, savings and loan, thrift, building and loan, and homestead associations, or credit unions, brokerage houses or cooperatives. **Checking and Savings Accounts** First Niagara Bank Checking | $66.25 |
| 3.  Security deposits with public utilities, telephone companies, landlords, and others: NONE. | |
| 4.  Household goods and furnishings, including audio, video and computer equipment: **ORDINARY HOUSEHOLD GOODS** | $ 1,000 |
| 5.  Books, pictures, and other art objects, antiques, stamp, coin, record, tape, compact disc, and other collections or collectibles: NONE. | |
| 6.  Wearing apparel: **ORDINARY APPAREL** | $  500 |
| 7.  Furs and jewelry: NONE. | |
| 8.  Firearms and sports, photographic, and other hobby equipment: NONE. | |
| 9.  Interests in insurance policies: NONE. | |
| 10. Annuities: NONE. | |
| 11.  Interests in an education IRA as defined in 26 U.S.C. § 530(b)(1) or under a qualified State tuition plan as defined in 26 U.S.C. § 529(b)(1).  Give particulars, (File Separately the record(s) of any such interest(s).  11 U.S.C. § 521(c); Rule 1007(b)). | |
| 12. Interests in IRA, ERISA, Keogh, or other pension or profit sharing plans: NONE. | |
| 13. Stock and interests in incorporated and unincorporated businesses: NONE. | |
| 14. Interests in partnerships or joint ventures: NONE. | |
| 15. Government and corporate bonds and other negotiable and non-negotiable instruments: NONE. | |
| 16. Accounts receivable: NONE. | |
| 17. Alimony, maintenance, support, and property settlements to which the debtor is or may be entitled: NONE. | |
| 18. Other liquidated debts owing debtor including tax refunds: | |

19. Equitable or future interests, life estates, and rights or powers exercisable for the benefit of the debtor other

    than those listed in Schedule of Real Property:
    NONE.

20. Contingent and noncontingent interests in estate of a decedent, death benefit plan, life insurance policy, or
    trust:
    NONE.

21. Other contingent and unliquidated claims of every nature, including tax refunds, counterclaims of the
    debtor, and rights to setoff claims:
    NONE.

22. Patents, copyrights, and other intellectual property:
    NONE.

23. Licenses, franchises, and other general intangibles:
    NONE.

24. Customer lists or other complications containing personally identifiable
    information (as defined in 11 USC41(A) provided to the debtor by
    individuals in connection with obtaining a product or service from the debtor
    primarily for personal, family or household purposes.
    NONE.

25. Automobiles, trucks, trailers, and other vehicles or accessories:
    Description:  1999 Jeep Wrangler
                                                                            $1,500

26. Boats, motors and accessories:
    NONE.

27. Aircraft and accessories:
    NONE.

28. Office equipment, furnishings and supplies:
    NONE.

29. Machinery, fixtures, equipment, and supplies used in business:
    NONE.

30. Inventory:
    NONE.

31. Animals:
    NONE.

32. Crops – growing or harvested:
    NONE.

33. Farming equipment and implements:
    NONE.

34. Farm supplies, chemicals and feed:
    NONE.

35. Other personal property of any kind not already listed:
    NONE.

                                        TOTAL:     $3,116.23

Conforms to Official Form 6C (12/07)

In Re:  Michael W. DeLong

## SCHEDULE C – PROPERTY CLAIMED AS EXEMPT

Debtor claims the exemptions to which debtor is entitled under:         \_\_\_\_ Check if debtor claims
(Check one Box)                                                         a homestead exemption
\_\_\_\_ 11 U.S.C. § 522 (b)(2)                                         that exceeds $136,875.
\_\_X 11 U.S.C. § 522(b)(3)

| Description of property | Value of claimed exemption |
|---|---|
| Specify law providing each exemption | Current market value of property without deducting exemption |

**Account Balances and Tax Refunds, if any**
Description:              cash, etc.
Law:                     D&C 283
Value of Exemption:      2,500
Market Value of Property: up to 2,500

**Apparel**
Law:                     CPLR 5205
Value of Exemption:      $500
Market Value of Property: $500

**Household Goods and Furnishings**
Law:                     CPLR 5205
Value of Exemption:      $1000
Market Value of Property: $1000

**Automobiles**
Description:              1999 Jeep Wrangler
Law:                     D&C 282(1)
Value of Exemption:      2,400
Market Value of Property: 1,500

**Pension, etc.**
Description:              AFANG Pension
Law:                     D & C 282(2)
Value of Exemption:      full value
Market Value of Property: unknown

Conforms to Official Form 6D (12/07)

In Re:  Michael W. DeLong

## SCHEDULE D – CREDITORS HOLDING SECURED CLAIMS

[ X ] Debtor has no creditors holding secured claims to report on this schedule.

| Creditor's name and complete mailing address, including zip code and account number | Amount of claim without deducting value of collateral |
|---|---|
| Date claim was incurred, nature of lien, and description and market value of property subject to the lien | Unsecured portion, if any |

NONE

Conforms to Official Form 6E (12/07)

In Re:  Michael W. DeLong

## SCHEDULE E – CREDITORS HOLDING UNSECURED PRIORITY CLAIMS

[X] Debtor has no creditors holding unsecured priority claims to report on this Schedule E.

## TYPES OF PRIORITY CLAIMS:

[  ] Domestic Support Obligations

Claims for domestic support that we are owed to or recoverable by a spouse, former spouse, or child of the debtor, or the parent, legal guardian, or responsible relative of such a child, or governmental unit to whom such a domestic support claim has been assigned to the extent provided in 11 U.S.C. § 507(a)(1).

[  ] Extensions of credit in an involuntary case

Claims arising in the ordinary course of the debtor's business or financial affairs after the commencement of the case but for the earlier of the appointment of a trustee or the order for relief.  11U.S.C. § 507(a)(3).

[  ] Wages, Salaries and Commissions

Wages, salaries and commissions, including vacation, severance, and sick leave pay owing to employees,  and commissions  owing to qualifying independent sales representatives up to $10,950* per person, earned within 90 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. §507(a)(4).

[  ] Contributions to Employee Benefit Plans

Money owed to employee benefit plans for services rendered within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first to the extent provided in 11 U.S.C. §507(a)(5).

[  ] Certain Farmers or Fishermen

Claims of certain farmers or fishermen, up to a maximum of $5,400* per farmer or fisherman, against the debtor, as provided in 11 U.S.C. §507(a)(6).

[  ] Deposits by Individuals

Claims of individuals up to  $2,425* for deposits for the purchase, lease, or rental of property or services for personal, family, or household use, that were not delivered or provided.  11 U.S.C. §507(a)(7).

[  ] Taxes and Certain Other Debts Owed to Governmental Units

Taxes, customs duties, and penalties owing to federal, state, and local governmental units as set forth in 11 U.S.C. §507(a)(8).

[  ] Commitments to maintain the capital of an insured depository institution

Claims based on commitments to the FDIC, RTC, Director of the Office of Thrift Supervision, Comptroller of the Currency, or Board of Governors of the Federal Reserve System, or their predecessors or successors, to maintain the capital of an insured depository institution. 11 U.S.C. §507(a)(9)

[  ] Claims for death or personal injury wihile debtor was intoxicated

Claims for death or personal injury resulting from the operation of a motor vehicle or vessel while the debtor was intoxicated from using alcohol, a drug, or another substance.  11 U.S.C. § 507(a)(10).

*Amounts are subject to adjustment on April 1, 2004, and every three years thereafter with respect to the cases commenced on or after the date of adjustment.

Conforms to Official Form 6E (12/07)

In Re:  Michael W. DeLong

## SCHEDULE E – CREDITORS HOLDING UNSECURED PRIORITY CLAIMS

[X] Check this box if debtor has no creditors holding unsecured nonpriority claims to report on this Schedule E.

| Creditor's name and complete mailing address including zip code | Amount entitled to priority |
|---|---|
| Date claim was incurred and consideration for claim | Total amount of claim |

1.      Extensions of credit in an involuntary case.          NONE

Account No.                    Amount of Claim:       $
                               Amount Unsecured:


Date Incurred:
Nature of lien:
Claim is:

Contingent:                    [  ]
Unliquidated                   [  ]
Disputed:                      [  ]


2.      Wages, Salaries and Commissions.          NONE

Account No.                    Amount of Claim:       $
                               Amount Unsecured:


Date Incurred:
Nature of lien:
Claim is:

Contingent:                    [  ]
Unliquidated                   [  ]
Disputed:                      [  ]


3.      Contributions to Employee Benefit Plans.          NONE

Account No.                    Amount of Claim:       $
                               Amount Unsecured:


Date Incurred:
Nature of lien:
Claim is:

Contingent:                 [ ]
Unliquidated                [ ]
Disputed:                   [ ]


4.      Certain Farmers or Fishermen.                    NONE


Account No.                 Amount of Claim:    $
                            Amount Unsecured:


        Date Incurred:
        Nature of lien:
        Claim is:

        Contingent:                 [ ]
        Unliquidated                [ ]
        Disputed:                   [ ]


5.      Deposits by Individuals.                    NONE

Account No.                 Amount of Claim:    $
                            Amount Unsecured:


        Date Incurred:
        Nature of lien:
        Claim is:

        Contingent:                 [ ]
        Unliquidated                [ ]
        Disputed:                   [ ]


6.      Taxes and Certain Other Debtors Owed to Governmental Units.          NONE

Account No.                 Amount of Claim:    $
                            Amount Unsecured:


        Date Incurred:
        Nature of lien:
        Claim is:

        Contingent:                 [ ]
        Unliquidated                [ ]
        Disputed:                   [ ]

7.    Commitments to maintain the capital of an insured depository institution..        NONE


Account No.                    Amount of Claim:      $
                               Amount Unsecured:


        Date Incurred:
        Nature of lien:
        Claim is:

        Contingent:                    [  ]
        Unliquidated                   [  ]
        Disputed:                      [  ]



                                TOTAL:        $ -0-

Conforms to Official Form 6F (12/07)

 Re:  Michael W. DeLong

## SCHEDULE F – CREDITORS HOLDING UNSECURED NON-PRIORITY CLAIMS

[ ] Check this box if debtor has no creditors holding unsecured nonpriority claims to report on this Schedule F.

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE AND ACCOUNT NUMBER | CO-DEBTOR | H W J C | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM If claim is subject to setoff, so state | C U D | CONTINGENT UNLIQUIDATED DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|
| 3475<br>Bank of America<br>PO Box 1519<br>Wilmington, DE 19886 | | H | credit card | | | 305 |
| 5842<br>Capital One<br>PO Box 105474<br>Atlanta, GA  30348 | | H | credit card | | | 24,590 |
| 5705<br>FIA Card Services<br>PO Box 15726<br>Wilmington, DE  19886 | | H | credit card | | | 7,125 |

TOTAL: $32,020

Conforms to Form 6G and 6H  (12/07)

In Re:  Michael W. DeLong

__X__ Check this box if debtor has no executory contracts or unexpired leases

__X__ Check this box if debtor has no codebtors

## SCHEDULE G – EXECUTORY CONTRACTS AND UNEXPIRED LEASES

| Name and mailing address, including zip code, of other parties to lease or contract. | Description of contract or lease and nature of debtor's interest. State whether lease is for non-residential real property. State contract number of any government contract. |
| --- | --- |

NONE

## SCHEDULE H – CODEBTORS

| Name and address of co-debtor | Name and address of creditor |
| --- | --- |

NONE.

Conforms to Official Form 6I (12/07)

In Re:  Michael W. DeLong

## SCHEDULE I – CURRENT INCOME OF INDIVIDUAL DEBTOR(S)

Debtor's marital status:  divorced

Names and ages of debtor's dependants and relationship:

| EMPLOYMENT:            DEBTOR | SPOUSE |
|---|---|
| Occupation:  Installer | N/A |
| Employer:  Lamar Outdoor Advertising | |
| How long employed: 2 years | |
| Address of employer: 2 Airport Park Blvd., Latham, NY | |

INCOME:

1.Monthly gross wages,
salary and commissions……………         3,024

2.Estimated monthly overtime………

3.SUBTOTAL….……………………         3,024

4. LESS PAYROLL DEDUCTIONS
   a.  Payroll taxes and social security         775
   b.  Insurance………………………         44
   c.   Union dues……………………
   d.   Other…………………………
5. SUBTOTAL OF DEDUCTIONS:         819

6.TOTAL NET MONTHLY TAKE HOME PAY:         2,205

7.Regular income from operation of business or
profession or farm…………………

8.Income from real property…………

9.Interest and dividends……………...

10.Alimony, maintenance, or support payments
payable to the debtor for the debtor's use or
that of dependants listed above…….

11.Social security or other government assistance

12.Pension or retirement income…
13.Other monthly income…AFANG Gross 493         461
          Less Taxes     32
14.SUB TOTAL OF LINES 7-13
15.AVERAGE MONTHLY INCOME  (Lines 6 plus 14)
16.COMBINED AVERAGE MONTHLY INCOME…………………………………..         $2,666
17.Describe any increase or decrease in income reasonably anticipated to incur within the year
following the filing of this document:   NO SUCH INCREASES OR DECEASES ANTICIPATED

Conforms to Official Form 6J (12/07)
In Re:  Michael W. DeLong

## SCHEDULE J – CURRENT EXPENDITURES OF INDIVIDUAL DEBTOR(S)

[  ] Check the box if a joint petition is filed and debtor's spouse maintains a separate household.  Complete a separate schedule of exemptions.

| | |
|---|---:|
| 1.Rent/home mortgage payments | 620 |
|     a.  Real Estate taxes included?    YES [  ] NO [  ] | |
|     b.  Property Insurance included?    YES [  ] NO [  ] | |
| | |
| 2.Utilities: a.  Electricity and heating fuel | 250 |
|      b.  Water and sewer | |
|      c.   Telephone | 100 |
|      d. Other  cable tv | 60 |
| | |
| 3.Home maintenance | 75 |
| 4.Food | 550 |
| 5.Clothing | 150 |
| 6.Laundry and dry cleaning | 100 |
| 7.Medical and dental expenses | 100 |
| 8.Transportation | 350 |
| 9.Recreation, clubs, and entertainment, newspapers, magazines | 150 |
| 10.Charitable contributions | 50 |
| | |
| 11.Insurance:   a. Homeowner's or renter's | |
|             b. Life | |
|             c. Health | |
|             d. Auto | 45 |
| | |
|             e. Other_____ | |
| 12.Taxes: Property taxes not included in mortgage | |
|      Self-employment income taxes | |
| | |
| 13. Installment payments:     a. Auto | |
|                   b. Other_____ | |
|                   c.  Other _____ | |
| | |
| 14.Alimony, maintenance, or support paid to others | |
| 15.Payments for support of additional dependants not living at your home | |
| 16.Regular expenses from operation of business, profession or farm | |
| 17.Other | |
| | |
| 18.AVERAGE MONTHLY EXPENSES (Total lines 1-17) | $2,600 |

19.Describe any increase or decrease in expenditures reasonably anticipated to occur within the year following the filing of this document: NO SUCH INCREASES OR DECEASES ANTICIPATED

20.  STATEMENT OF MONTHLY NET INCOME:

| | |
|---|---|
|     a.  Average monthly income from Line 15 Schedule I | $2,666___ |
|     b.  Average monthly expenses from Line 18 above | $2,600___ |
|     c.  Monthly net income (a. minus b.) | $___66_ |

Conforms to Official Form 6 Declaration (12/07)

In Re:  Michael W. DeLong

## DECLARATION CONCERNING SCHEDULES

I, Michael W. DeLong, named as the debtor(s) in this case, declare under penalty that I/we have read the foregoing Summary and Schedules, and that it is true and correct to the best of my/our information and belief.

X/s/Michael W. DeLong_____     Date:  _____7/8/09_____

X_____     Date:  _____

Conforms to Official Forms 6 Summary of Schedules (12/07)

In Re:  Michael W. DeLong

## UNITED STATES BANKRUPTCY COURT FOR THE
## NORTHERN DISTRICT OF NEW YORK

## SUMMARY OF SCHEDULES

| Schedule name | Attached No. Sheets YES/NO | Assets | Liabilities | Other |
|---|---|---|---|---|
| A. Real Property | X | $ | $ | $ |
| B. Personal Property | X | 3,116.23 | | |
| C. Property Claimed as Exempt | X | ---------------------------------------------------------- | | |
| D. Creditors Holding Secured Claims | X | | | |
| E. Creditors Holding Unsecured Priority Claims | X | | -------- | |
| F. Creditors Holding Unsecured Non-Priority Claims | X | | 32,020 | |
| G. Executory Contracts and Unexpired Leases | X } | | | |
| | } | ---------------------------------------------------------- | | |
| H. Co-Debtors | X } | | | |
| I. Current Income of Individual Debtor | X | | | 2,666 |
| J. Current Expenditures of Individual Debtor | X | | | 2,600 |

Summary Sheet
Total No. Sheets

TOTAL ASSETS    3,116.23

TOTAL LIABILITIES    32,020

EXCESS INCOME (if any)  66

Conforms to Official Form 6 – Statistical Summary (12/07)

In Re:  Michael W. DeLong

## UNITED STATES BANKRUPTCY COURT FOR THE
## NORTHERN DISTRICT OF NEW YORK
### STATISTICAL SUMMARY OF CERTAIN LIABILITIES
### (28 U.S.C. § 159) [Individual Debtors Only]

[  ] Check this box if you are an individual debtor whose debts are NOT primarily consumer debts.  You are not required to report any information here.

Summarize the following types of liabilities, as reported in the Schedules, and total them.

| Type of Liability | Amount |
|---|---|
| Domestic Support Obligations (from Schedule E) | $ -0- |
| Taxes and Certain Other Debts Owed to Governmental Units (from Schedule E) | $ -0- |
| Claims for Death or Personal Injury While Debtor Was Intoxicated (from Schedule E) | $ -0- |
| Student Loan Obligations (from Schedule F) | $ -0- |
| Domestic Support, Separation Agreement, and Divorce Decree Obligations Not Reported on Schedule E | $ -0- |
| Obligations to Pension or Profit-Sharing, and Other Similar Obligations (from Schedule F) | $ -0- |
| TOTAL: | $ -0- |

**State the following:**

| | |
|---|---|
| Average Income (from Schedule I, Line 16) | $2,666 |
| Average Expenses (from Schedule J, Line 18) | $2,600 |
| Current Monthly Income (from Form 22A Line 12; **OR**, Form 22B Line 11; **OR**, Form 22C Line 20) | $3,517 |

**State the Following:**

| | |
|---|---|
| 1.  Total from Schedule D, "UNSECURED PORTION, IF ANY" column | $ -0- |
| 2.  Total from Schedule E, "AMOUNT ENTITLED TO PRIORITY, IF ANY" column | $ -0- |
| 3.  Total from Schedule E, "AMOUNT NOT ENTITLED TO PRIORITY, IF ANY" column | $ -0- |
| 4.  Total from F | $32,020 |
| 5.  Total of non-priority unsecured debt (sum of 1,3, and 4) | $32,020 |

**The foregoing information is for statistical purposes only under 28 U.S.C. § 159.**

B 8 (Official Form 8) (12/08)

## UNITED STATES BANKRUPTCY COURT

In Re:  Michael W. DeLong
Case No.

### CHAPER 7 INDIVISUAL DEBTOR'S STATEMENT OF INTENTION

**PART A** – Debts secured by property of the estate (Part A must be fully completed for EACH debt which is secured by property of the estate.)

Property No. 1

**Creditor's Name:**                              **Describe Property Securing Debt:**


NONE


Property will be _____ Surrendered                    _____ Retained


If retaining the property, I intend to (check at least one):

____ Redeem the Property ____ Reaffrm the Debt ____ Other:  Explain


Property is: _____ Claimed as exempt        _____ Not claimed as exempt

Property No. 2 (if necessary)

**Creditor's Name:**                              **Describe Property Securing Debt:**


NONE


Property will be _____ Surrendered                    _____ Retained


If retaining the property, I intend to (check at least one):

____ Redeem the Property ____ Reaffrm the Debt _____ Other:  Explain


Property is: _____ Claimed as exempt        _____ Not claimed as exempt

**PART B –** Personal property subject to unexpired leases.  (All three columns of Part B must be completed for each unexpired lease.)

Property No. 1

| **Lessor's Name:** | **Describe Leased Property:** | Lease Will be Assumed pursuant |
|---|---|---|

NONE                                                           To 11 U.S.C § 365(p)(2):

___Yes    ____No

Property No. 2 (if necessary)

**Lessor's Name:**      **Describe Leased Property:**      Lease Will be Assumed pursuant
To 11 U.S.C § 365(p)(2):

___Yes    ____No

Property No. 3 (if necessary)

**Lessor's Name:**      **Describe Leased Property:**      Lease Will be Assumed pursuant
To 11 U.S.C § 365(p)(2):

NONE

___Yes    ____No

**I declare under penalty of perjury that the above indicates my intention as to any property of my esatte securing a debt and/or personal property subject to an unexpired lease.**

Date:   7/8/09                        /s/Michael W. DeLong_____


Date:                                   /s/_____

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF NEW YORK

Conforms to Official Form 7 Statement of Financial Affairs (12/07)
In Re:  Michael W. DeLong

**STATEMENT OF FINANCIAL AFFAIRS**

1.  Income from employment or operation of business.

State the gross amount of income the debtor has received from employment, trade, or profession, or from operation of debtor's business from the beginning of this calendar year to the date this case was commenced. State also the gross amounts received during the two years immediately preceding this calendar year.

2009 to date: 21,106 through 7/1/09
2008:   46,160
2007:  28,560

2.  Income other than from employment or operation of business.

State the amount of income received by the debtor other than from employment, trade, profession, or operation of the debtor's business during the two years immediately preceding the commencement of this case.
NONE.

3.  Payments to creditors.

a. List all payments on loans, installment purchases of goods or services, and other debts, aggregating more than $600 to any creditor, made within 90 days immediately preceding the commencement of this case.
NONE.

b. List all payments made within one year immediately preceding the commencement of this case to or for the benefit of creditors who are or were insiders.
NONE.

c. List all payments made within one year immediately preceding the commencement of this case to or for the benefit of creditors who are or were insiders.  (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated  joint petition is not filed.)
NONE

4.  Suits, executions, garnishments, and attachments.

a. List all suits to which the debtor is or was a party within one year immediately preceding the filing of this bankruptcy case.
NONE.

b. Describe all property that has been attached, garnished or seized under any legal or equitable process within one year immediately preceding the commencement of this case.
NONE.

5.  Repossessions, foreclosures and returns.

List all property that has been repossessed by a creditor, sold at a foreclosure sale, transferred through a deed in lieu of foreclosure or returned to the seller, within one year immediately preceding the commencement of this case.
NONE.

6.  Assignments and receiverships.

a. Describe any assignment of property for the benefit of creditors made within 120 days immediately preceding the commencement of this case.
NONE.

b. List all property which has been in the hands of a receiver or court-appointed official within one year immediately preceding the commencement of this case.
NONE.

7.  Gifts.

List all gifts or charitable contributions made within one year immediately preceding the commencement of this case except ordinary and usual gifts to family members aggregating less than $200 in value per individual family member and charitable contributions aggregating less than $100 per recipient.
NONE.

8.  Losses.

List all losses from fire, theft, other casualty or gambling within one year immediately preceding the commencement of this case or since the commencement of this case.
NONE.

9.  Payments related to debt counseling or bankruptcy.

List all payments made or property transferred by or on behalf of the debtor to any persons, including attorneys, for consultation concerning debt consolidation, relief under the bankruptcy law or preparation of a petition in bankruptcy within one year immediately preceding the commencement of this case.

**David F. DeVall, Esq.**                     **Date:  5/09**
**59 Franklin Street**                          **Amount: 1,000**
**Saratoga Springs, NY  12866**

10.  Other transfers.

List all other property, other than property transferred in the ordinary course of the business or financial affairs of the debtor transferred either absolutely or as security within one year immediately preceding the commencement of this case.
NONE.

11.  Closed financial accounts.

List all financial accounts and instruments held in the name of the debtor or for the benefit of the debtor which were closed, sold, or otherwise transferred within one year immediately preceding the commencement of this case.
NONE.

12.  Safe deposit boxes.

List each safe deposit box or other box or depository in which the debtor has or had securities, cash, or other valuables within one year immediately preceding the commencement of this case.
NONE.

13.  Setoffs.

List all setoffs made by any creditor, including  a bank, against a debt or other deposit of the debtor within 90 days preceding the commencement of this case.
NONE.

14.  Property held for another person.

List all property owned by another person that the debtor holds or controls.
NONE.

15.  Prior address of debtor.

If the debtor has moved within the **three** years immediately preceding the commencement of this case, list all premises which the debtor occupied during that period and vacated prior to the commencement of this case.
NONE.

16.  Spouses and Former and Spouses.

If the debtor resides or  resided in a community property state, commonwealth, or territory (including Alaska, Arizona, California, Idaho, Louisiana, New Mexico, Puerto Rico, Texas, Washington, or Wisconsin) within eight years immediately preceding the commencement of the case, identify the name of the debtor's spouse and of any former spouse who resides or resided with the debtor in the community property state.
NONE

17.  Environmental Information

a.  List the name and address of every site for which the debtor h as received notice in writing by a governmental unit that it might be liable or potentially liable under or in violation of an Environmental Law.  Indicate the governmental unit, the date of the notice, and , if known, the Environmental Law.
NONE

b.  List the name and address of every site for which the debtor provided notice to a governmental unit of a release of Hazardous Material.  Indicate the governmental unit to which the notice was sent and the date of the notice.
NONE

   c.  List all judicial or administrative proceedings, including settlements or orders, under any Environmental Law with respect to which the debtor is or was a party.  Indicate the name and address of the governmental unit that is or was a party to the proceeding, and the docket number.
NONE.

18.  Nature, location and name of business

   a.  If the debtor is an individual, list the names, addresses, taxpayer-identification numbers, nature of businesses, and beginning and ending dates of all businesses in which the debtor was an officer, director, partner, or managing executive of a corporation, partner in a partnership, sole proprietor, or was self-employed in a trade, profession, or other activity either full-or part-time within six years immediately preceding the commencement of this case, or in which the debtor owned 5 percent or more of the voting or equity securities within six years immediately preceding the commencement of this case.
NONE

   b.  Identify any business listed in response to subdivision a., above, that is "single asset real estate" as defined in 11 U.S.C. § 101.
NONE.

19.  Books, records and financial statements

   a.  List all bookkeepers and accountants who within two years immediately preceding the filing of this bankruptcy case kept or supervised the keeping of books of account and records of the debtor.
NONE

   b.  List all firms or individual who within tow years immediately preceding the filing of this bankruptcy case have audited the books of account and records, or prepared a financial statement of the debtor.
NONE

   c.  List all of the firms or individual who at the time of the commencement of this case were in possession of the books of account and records of the debtor.  If any of the books of account and records are no available, explain.
NONE

   d.  List all financial institutions creditors and other parties, including mercantile and trade agencies, to whom a financial statement was issued by the debtor within two years immediately preceding the commencement of this case.
NONE

20.  Inventories

   a.  List the dates of the last two inventories taken of your property, the name of the person who supervised the taking of each inventory, and the dollar amount and basis of each inventory.
NONE

   b.  List the name and address of the person having possession of the records of each of the inventories reported above in a., above.
NONE

21.  Current Partners, Officers, Directors and Shareholders

    a.  If the debtor is a partnership, list the nature and percentage of partnership interest of each member of the partnership.

       NONE

    b.  If the debtor is a corporation, list all officers and directors of the corporation, and each stockholder who directly or indirectly owns, controls, or holds 5 percent or more of the voting or equity securities of the corporation.

       NONE

22.  Former partners, officers, directors and shareholders

    a.  If the debtor is a partnership, list each member who withdrew from the partnership within one year immediately preceding the commencement of this case.

       NONE

    b.  If the debtor is a corporation, list all officers or directors whose relationship with the corporation terminated within one year immediately preceding the commencement of this case.

       NONE

23.  Withdrawals from a partnership or distributions by a corporation.  If the debtor is  partnership or corporation, list all withdrawals or distributions credited or given to an insider, including the compensation in any form, bonuses, loans, stock redemptions, options exercised and any other perquisite during one year immediately preceding the commencement of this case.

       NONE

24.  Tax Consolidation Group.  If the debtor corporation , list the name and federal taxpayer-identification number of the parent corporation of any consolidated group for tax purposes of which the debtor has been a member at any time within six years immediately preceding the commencement of this case.

       NONE

25.  Pension Funds.  If the debtor is not an individual, list the name and federal taxpayer-identification number of any pension fund to which the debtor, as an employer, has been responsible for contributing at any time within six years immediately preceding the commencement of this case.

### DECLARATION

I, Michael W. DeLong, named as the debtor(s) in this case, declare under penalty of perjury that I/we have read the foregoing Statement of Financial Affairs, and that it is true and correct to the best of my/our information and belief.

X  /s/Michael W. DeLong_____     Date:  7/8/09_____

X_____     Date: _____

Conforms to Official Form  B 203 (4/08)

**UNITED STATES BANKRUPTCY COURT FOR THE NORTHERN DISTRICT OF NEW YORK**

In Re:  Michael W. DeLong

Chapter _____ Case No._____

Debtor(s).

### DISCLOSURE OF COMPENSATION OF ATTORNEY FOR DEBTOR

1.  Pursuant to 11 U.S.C. §329(a) and Fed. Bankr. P. 2016(b), I certify that I am the attorney for the above-named debtor(s) and that compensation paid to me within one year before the filing of the filing of the petition in bankruptcy, or agreed to be paid to me, for services rendered or to be rendered on behalf of the debtor(s) in contemplation of or in connection with the bankruptcy case is as follows:

For legal services, I have agreed to accept                            $1,000

Prior to the filing of  this statement I have received            $1,000

Balance Due                                                                            $ -0-

2.       Said fee is to be a "Flat Fee" within the contemplation of this Court's Administrative Order 08-01 dated February 21, 2008.

3.       The source of compensation paid to me was:

___X___ Debtor                        _____Other (specify)

2.       The source of compensation to be paid to me is:

___X___ Debtor                        _____ Other (specify)

3.       ___X___ I have not agreed to share the above-disclosed compensation with any other person unless they are members and associates of my law firm.

_____ I have agreed to share the above-disclosed compensation with another person or persons who are not members or associates of my law firm.  A copy of the agreement, together with a list of the names of the people sharing in the compensation, is attached.

4.       In return for the above-disclosed fee, I have agreed to render legal services for all aspects of the bankruptcy case, including:

a.  Analysis of debtor's financial situation, and rendering advice to the debtor in determining whether to file a petition in bankruptcy;
b.  Preparation and filing of any petition, schedules, statements of affairs and plan which may be required;

c.  Representation of the debtor at the meeting of creditors and confirmation hearing, and any adjourned hearing thereof;

d.   Representation of the debtor in adversary proceedings and other contested bankruptcy matters;

e.   All other services, including extraordinary services for which additional compensation may be awarded, all as set forth in the Rights and Responsibilities of Chapter 13 Debtors and their Attorneys, as adopted by this Court's Administrative Order 08-01 dated February 21, 2008.

5.   By agreement with the debtor(s), the above-disclosed fee does not include the following services:

## CERTIFICATION

I certify that the foregoing is a complete statement of any agreement or arrangement for payment to me for representation of the debtor(s) in this bankruptcy proceeding.

   7/8/09                         /s/David F. DeVall
Date                              Signature of Attorney

                                  DeVall and DeVall
                                  Name of law firm

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF NEW YORK
_____

In Re:

      MICHAEL W. DELONG

               CERTIFICATION OF
               MAILING MATRIX

                           Debtor(s).
_____

I, David F. DeVall, Esq., the attorney for the debtor(s), hereby certify under the penalties of perjury that the attached mailing matrix contains all creditors and parties in interest with correct names, addresses and zip codes, as they appear on the schedules of liabilities, list of creditors, list of equity security holders (or any amendment thereto).

Dated: _____7/8/09_____

                      /s/David F. DeVall_____
                      DAVID F. DeVALL, ESQ.
                      Attorney for Debtor(s)
                      59 Franklin Street
                      Saratoga Springs, NY  12866
                      (518) 584-8521